IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIEM DALEL NUN,

Plaintiff

v.

FRANCISCO DELGADO MARTÍNEZ, et al.,

Defendants

CIVIL 02-2691 (PG) (JA)

O R D E R

This matter comes before the court on a motion to enforce judgment filed on September 27, 2007, by plaintiff Mariem Dalel Nun (hereinafter "Dalel") against Corporación Turística Antillana (hereinafter "CTA"). (Docket No. 45.) Having considered the arguments of the parties, the evidence in the record, and for the reasons set forth below, Dalel's motion is DENIED.

I. BACKGROUND

On November 8, 2004, the parties to this action reached a settlement (Docket No. 36) and this court entered judgment against defendant Francisco Delgado Martínez, d/b/a Hacienda Casa Taína (hereinafter "Delgado" and "Casa Taína," respectively). (Docket No. 37.) The judgment is final and compels Delgado to pay Dalel $30,000 in damages.

CIVIL 02-2691 (PG) (JA)				2

On September 27, 2007, Dalel filed the motion requesting an order to enforce judgment against CTA. (Docket No. 45.) Therein, Dalel requested an order to show cause as to why CTA – which Dalel alleges owns Casa Taína, and of which Dalel alleges Delgado is the president and sole shareholder – should not be bound by the judgment entered in this case. (Docket No. 45, at 2.) Dalel alleges that to date Delgado has not paid the judgment in full and that attempts to execute the judgment have been fruitless because the bank accounts and real properties are under the name of CTA. (Id. at 3.) Dalel states that:

> In other words, when plaintiff contracted with Francisco Delgado Martinez to perform the artwork for Hacienda Casa Taina, she was also contracting with Corporación Turística Antillana, the corporate name under which Francisco Delgado Martinez established and manages Hacienda Casa Taina. He never disclosed that fact to the plaintiff during the litigation of this case and before it was settled so that the complaint could be timely amended to include this corporate alter ego of the defendants in this case.

(Id. at 2.) Therefore, argues Dalel, she should be able to collect from CTA for Delgado's debt. (Id.)

In support of this position, Delgado presents a check in the amount of $5,000, which Dalel alleges Delgado sent her as partial payment of the judgment. (Docket No. 45-2, at 2.) Dalel alleges this check was drafted against CTA's account with Banco Popular and was signed by Delgado. (Docket No. 45, at 2.) Dalel alleges that check bounced for insufficient funds and has not been paid to

CIVIL 02-2691 (PG) (JA)                    3

this date (id.), and in support presents a "Debit Advice" notice from Banco Popular. (Docket No. 45-2, at 1.)

Dalel also includes letters from Delgado, sent in response to Dalel's extra-judicial attempts at collecting the judgment, wherein Delgado references the case as "Dalel Nun v. Corporación Turística Antillana, d/b/a Hacienda Taína." (Docket No. 45-3, at 1-2.) Although these letters are in Spanish, and no motion for translation has been made, the first line of both letters clearly mentions the case by the aforementioned caption. (Id.)

On November 13, 2007, Dalel's motion was granted (Docket No. 46) and a hearing in aid of judgment was scheduled. (Docket Nos. 47, 50, 57 & 61.)

On February 28, 2008, the hearing in aid of judgment was held and Delgado testified as to why CTA should not be held liable for his debt to Dalel. (Docket No. 62.) Delgado testified that he is the sole shareholder of CTA, that CTA owns Casa Taína, and that he signed the check which Dalel presented as having insufficient funds. Delgado testified that he spoke to Dalel about working for Casa Taína and CTA, and advised her that CTA owned Casa Taína.

The only matter before this court is to determine whether the judgment entered against Delgado should be enforced against CTA – a non-party to the action of which Delgado is president and sole shareholder – pursuant to Federal Rule of Civil Procedure 69(a)(1), regarding execution of judgment, and Puerto

CIVIL 02-2691 (PG) (JA)                       4

Rico Rule of Civil Procedure 51.7, for proceedings on judgments against joint debtors.

## II.  DISCUSSION

Dalel's claim is based on the argument that, because Delgado is the sole shareholder and president of CTA, and the work Delgado ordered from Delgado was for Casa Taína, which is owned by CTA, then Delgado acted on behalf of CTA, and therefore his breach of contract with Dalel should be imputed onto CTA.

Dalel argues she would have amended the complaint to include CTA but for the fact that Delgado did not disclose the relevant facts concerning CTA before the case was settled.  That the case was settled before discovery led to the disclosure of this relationship does not lend support for the argument that CTA must be imputed with Delgado's actions.

Dalel cites Malletier v. Lincoln Fantasy & Peluet of P.R. Corp., No. 03-2277, 2007 WL 2221384 (D.P.R. July 24, 2007), as an example of the court attaching a judgment to a non-party in the original action.  There, the plaintiff sought to impute the actions of the defendant corporation onto its sole shareholder and president, a non-party to the action, because the corporation had been drained of its assets in order to impede collection of the judgment.  Id. at *2.

However, the decision in Malletier, a trademark action, relied solely on a theory of piercing the corporate veil.  Id. at *3.  The court there held judgment

CIVIL 02-2691 (PG) (JA)                5

should attach to the non-party president and sole shareholder because (1) "[the non-party president] conducted all the business activities of [the corporate defendant,] . . . mastermind in controlling all of its counterfeiting scheme"; (2) "the basic concepts of trademark law punish both the individual and the corporation that infringe a trade mark"; and finally, because (3) "[i]f the sole shareholder of the corporate infringer is personally liable for trademark infringement and extending an injunction to include him personally is appropriate then, by the same token, it is equally appropriate to extend a monetary judgment (instead of an injunction) against that sole shareholder. . . ." Id. at *3.

The instant case stands inapposite of Malletier. First, there is no way to pierce Delgado's corporate veil to reach CTA: CTA is the corporation and Delgado the sole shareholder and president. Delgado could control CTA to do his bidding, but there is simply no way the tables could be turned to have CTA control Delgado. Therefore, it cannot be argued, as it was in Malletier, that the corporate veil should be pierced because the defendant was under the non-party's control. Second, the other reason for piercing the corporate veil in Malletier was that the "basic concepts of trademark law" demanded it.

Dalel specifically cites the court's remark in Malletier that "[the non-party sole shareholder's] interests and those of [the defendant corporation were] so intertwined to that they are virtually one person and are jointly and severally

CIVIL 02-2691 (PG) (JA)                    6

liable for infringing [the plaintiff's] trademarks[,]" as support for its argument. However, that remark – an observation of the way in which the non-party shareholder there controlled the actions of the defendant corporation – was dicta. To hold it as a rule compelling co-debtor status would be to rewrite corporate and agency law.

### III.  CONCLUSION

Therefore, because Dalel has not shown why CTA should be imputed with Delgado's actions in accordance with the cited rules, and therefore has not shown that the judgment issued against Delgado should be applied to it as well, Dalel's motion to enforce judgment is DENIED.

At San Juan, Puerto Rico, this 5th day of May, 2008.


                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge